UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARISELA MANZO-TORRES and OSCAR OLVERA, <br><br> Petitioners, <br><br> v. <br><br> JOHN D. ASHCROFT, et al., <br><br> Respondents. | CASE NO. C04-1663-RSM <br><br> REPORT AND RECOMMENDATION |

**INTRODUCTION**

On July 27, 2004, petitioner Marisela Manzo-Torres[1] filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a decision by the Immigration Judge ("IJ") finding her ineligible for cancellation of removal based on the conclusion that her state law drug conviction qualified as an "aggravated felony" under the Immigration and Nationality Act ("INA") § 101(a)(43), 8 U.S.C. § 1101(a)(43). (Dkt. #1). Petitioner argues that this matter is controlled by the Ninth Circuit's recent decision in *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. Aug. 24, 2004), which holds that a state law drug offense is not an aggravated felony for immigration purposes unless it would be punishable as a felony under the federal drug laws, or is a crime involving a trafficking element. (Dkt. #1 at 14). Respondents argue that this Court lacks

---

[1] Petitioner Oscar Olvera has since been granted cancellation of removal, and his removal proceedings have been terminated. (Dkts. #20 at 2, #21, Ex. 1).

REPORT AND RECOMMENDATION
PAGE -1

jurisdiction to review petitioner's claim because she failed to exhaust her administrative and judicial remedies before filing her habeas petition. (Dkt. #16 and #27).

After carefully reviewing the entire record, I recommend that the Court GRANT petitioner's habeas petition (Dkt. #1), and DENY respondents' motion to dismiss (Dkt. #16).

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner Marisela Manzo-Torres is a native and citizen of Mexico who was admitted as a lawful permanent resident at El Paso, Texas on November 15, 1993. (Dkt. #17 at R19 and L19). Both of her children are United States citizens, and her parents and siblings are either United States citizens or lawful permanent residents.

On August 10, 2003, petitioner pled guilty in the East Wenatchee Municipal Court to theft in the third degree in violation of RCW 9A.56.050, and was sentenced to 365 days imprisonment, with 364 days suspended. On December 1, 2003, petitioner pled guilty in the Superior Court of Washington for Douglas County to unlawful possession of methamphetamine in violation of RCW 69.50.041(d), and was sentenced to 42 days imprisonment. (Dkt. # 17 at L19, L59, R32).

On January 17, 2004, the Bureau of Immigration and Customs Enforcement ("BICE") issued a Notice to Appear, placing petitioner in removal proceedings and alleging removability pursuant to INA § 237(a)(2)(B)(i), for having been convicted of a law relating to a controlled substance, and pursuant to INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(G), relating to a theft offense for which the term of imprisonment was at least one year. (Dkt. #17 at L19).

On February 24, 2004, petitioner appeared, *pro se*, at a hearing and requested a continuance so that she could retain counsel. (Dkt. #17 at R72-70). Petitioner subsequently retained criminal counsel who successfully modified her theft sentence from 365 days to 364 days *nunc pro tunc*. (Dkt. #17 at L73-72). On March 23, 2004, petitioner appeared, with counsel, at a hearing and presented evidence of her modified sentence to the IJ and the BICE. The parties agreed that petitioner's theft offense no longer constituted an aggravated felony, and that she was

therefore eligible to apply for cancellation of removal pursuant to INA § 240A(a). The IJ directed petitioner to file an application for cancellation of removal, and scheduled an individual hearing for consideration of that application for May 4, 2004. (Dkt. #17 at R75).

On April 26, 2004, the Ninth Circuit Court of Appeals withdrew its decision in *Cazarez-Gutierrez v. Ashcroft*, 356 F.3d 1015 (9th Cir. Jan. 26, 2004), *withdrawn*, 366 F.3d 736 (9th Cir. April 26, 2004), in which it held that, contrary to the Board of Immigration Appeals' ("BIA") decision in *Matter of Yanez*, 23 I & N Dec. 390 (BIA 2002), an alien's state law drug conviction qualifies as an aggravated felony in removal proceedings only if it contains a trafficking element or is for an offense punishable as a felony under federal law. Consequently, the IJ found that petitioner's conviction for simple possession of methamphetamine was an aggravated felony under *Yanez*, thereby rendering her statutorily ineligible for cancellation of removal. On May 3, 2004, the IJ pretermitted petitioner's application for cancellation of removal and ordered her removed to Mexico. (Dkt. #17 at R78). Petitioner filed a timely appeal with the BIA. In her appeal, petitioner acknowledged that the BIA was bound by its decision in *Matter of Yanez*, but urged the BIA to overrule that decision. (Dkt. #17 at R82-80).

On July 27, 2004, petitioner filed, through counsel, the instant habeas petition, challenging the decision of the IJ finding her ineligible for cancellation of removal based on the conclusion that her state law drug conviction qualified as an "aggravated felony" under INA § 101(a)(43). (Dkt. #1). On July 29, 2004, the Court ordered respondents to file a return and status report ("RSR") within thirty days after service of the order. (Dkt. #2).

On August 19, 2004, the BIA affirmed without opinion the IJ's decision finding petitioner removable and ineligible for cancellation of removal under INA § 240A(a). (Dkt. #16, Ex. A). Five days later, on August 24, 2004, the Ninth Circuit reissued its decision in *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. August 24, 2004), holding that a state law drug conviction qualifies as an aggravated felony only if it is classified as a felony under federal law or it contains a trafficking element.

REPORT AND RECOMMENDATION
PAGE -3

01        On September 2, 2004, respondents filed a motion to hold the proceedings in abeyance
02 while the Solicitor General sought review of the Ninth Circuit's decision in *Cazarez-Gutierrez*.
03 (Dkt. #7). On September 8, 2004, petitioner filed an opposition to the motion and a motion for
04 summary judgment, arguing that *Cazarez-Gutierrez* is controlling law, and that there is no
05 authority to ignore the Ninth Circuit's decision and hold this matter in abeyance. Petitioner further
06 noted that she was being held without bond. (Dkt. #10). On October 21, 2004, the Court denied
07 respondents' motion to hold this matter in abeyance, and ordered respondents to file a RSR by
08 November 22, 2004. (Dkt. #15).

09        On November 22, 2004, respondents filed a RSR. (Dkt. #16). On December 2, 2004,
10 petitioner filed a reply to respondents' RSR. (Dkt. #20). In her reply, petitioner noted that she
11 had filed a motion to reopen with the BIA, based on the fact that since the BIA's August 19, 2004,
12 decision, the Ninth Circuit had issued a new decision in *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d
13 905 (9th Cir. August 24, 2004), holding that conviction for simple possession of methamphetamine
14 is not an aggravated felony. (Dkt. #20 at 8). In light of the fact that petitioner's motion to reopen
15 raised the same issue as petitioner's habeas petition, the Court ordered the proceedings stayed
16 pending a decision by the BIA. (Dkt. #22).

17        On December 17, 2004, petitioner filed a motion to vacate the Court's order staying
18 proceedings based on the fact that the BIA had ruled on her motion to reopen and "erroneously
19 denied it." (Dkt. #23 at 1). In its decision, the BIA agreed that *Cazarez-Gutierrez* clearly holds
20 that simple possession of methamphetamine is not an aggravated felony for immigration purposes.
21 (Dkt. #23, Ex. 1). However, the BIA determined that petitioner was not convicted of simple
22 possession of methamphetamine, but instead of manufacturing, delivering, or possessing with
23 intent to manufacture or deliver, a controlled substance under RCW 69.50.401, stating, in part as
24 follows:

25  While *Cazarez-Gutierrez* [] clearly holds that a conviction for simple possession of
    methamphetamine is not an aggravated felony, the [petitioner] in this case was not
26  convicted of simple possession of methamphetamine. Rather, the [petitioner] was
    convicted under Washington Revised Code section 69.50.401. Section 69.50.401(1)

REPORT AND RECOMMENDATION
PAGE -4

provides that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." As such, the [petitioner's] conviction is not for simple possession but constitutes an aggravated felony as defined under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B).

(Dkt. # 23, Ex. 1).

On January 12, 2004, the Court granted petitioner's motion to vacate and directed the parties to file supplemental briefing, responding to the issues raised by the BIA's December 13, 2004, decision denying petitioner's motion to reopen. (Dkt. #26). The briefing is now complete and the habeas petition and motion to dismiss are ready for review.

## DISCUSSION

Petitioner argues that she was unlawfully denied the opportunity to apply for relief from removal in the form of cancellation of removal, based on the erroneous finding that her conviction for simple possession of methamphetamine constituted an aggravated felony, and thus statutorily barred her from applying for cancellation under INA § 240A(a). Petitioner maintains that pursuant to *Cazarez-Gutierrez*, her conviction does not constitute an aggravated felony under federal law, and she is therefore eligible for cancellation of removal under INA § 240A(a). (Dkt. #1 at 28, Dkt. #20 at 5). Petitioner further argues that the BIA's finding that she was convicted of something other than simple possession of methamphetamine is clearly erroneous – both legally and factually, because it is based on the 2004 revised statute and not the 2003 statute in effect at the time of her conviction. (Dkt. #23 at 2).

The government asserts that this Court lacks jurisdiction to review petitioner's claims because she failed to first exhaust her judicial remedies by filing a Petition for Review with the Ninth Circuit Court of Appeals. (Dkt. #16 at 10; Dkt. #27 at 4). Petitioner answers, and the Court agrees, that because she is claiming that the IJ and the BIA made a legal error in ordering her removed without affording her the statutory right to apply for cancellation of removal, this Court has habeas jurisdiction. (Dkt. #28 at 7-10). As a general rule, district courts retain habeas jurisdiction over questions of statutory or constitutional violations. *INS v. St. Cyr,* 533 U.S. 289,

01 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001); *Gutierrez-Chavez v. INS*, 298 F.3d 824, 829-30 (9th
02 Cir. 2002)(holding that aliens may file habeas petitions that allege constitutional and statutory
03 error in the removal process). The Court of Appeals has explained that "claims that the . . .
04 process was constitutionally flawed . . .are cognizable in federal court on habeas because they fit
05 comfortably within the scope of § 2241." *Gutierrez-Chavez*, 298 F.3d at 829. In the instant case,
06 petitioner is not challenging her removability under 8 U.S.C. § 1227(a)(2)(B), rather, petitioner
07 concedes that she is subject to removal because of her controlled substance violation. (Dkts. #1
08 at 4, # 28 at 5). Instead, petitioner claims she is eligible to apply for cancellation of removal, and
09 that respondents have unlawfully prevented her from doing so. In addition, petitioner argues that
10 the BIA violated her due process rights by *sua sponte* determining that she was convicted of an
11 entirely different offense. These claims clearly allege statutory and constitutional violations.
12 Accordingly, this Court retains jurisdiction to review the agency's decision.[2]

13 The Court further agrees with petitioner that the administrative record submitted by
14 respondents establishes that she was convicted of simple possession of methamphetamine, and not
15 of unlawful manufacturing or delivering a controlled substance. As petitioner points out, at the
16 time of her conviction, RCW 69.50.401 was a divisible statute that encompassed not only
17 manufacturing and delivering offenses, but also simple possession offenses. RCW 69.50.401
18 (2003). However, the Legislature subsequently reorganized the criminal provisions throughout
19 the Revised Code of Washington, effective July 1, 2004. RCW 69.50.401 was amended, and
20 subsection (d), regarding possession of a controlled substance, was removed to its own section
21 now found at RCW 69.50.4013. Laws of 2003, ch. 53, § 334. It is clear from the record that

---

[2] Respondents also argue that petitioner failed to exhaust her administrative remedies by filing a motion to reconsider with the BIA. (Dkt. #24 at 10). However, as the Court previously stated in its Order Granting Petitioner's Motion to Vacate Stay of Proceedings (Dkt. #26), a motion to reopen or reconsider is not a prerequisite for judicial review, because it is not an administrative remedy "as of right." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1023 (9th Cir. 1992). Accordingly, petitioner was not required to file a motion to reconsider with the BIA before seeking habeas relief.

REPORT AND RECOMMENDATION
PAGE -6

01 petitioner was convicted under RCW 69.50.401(d). Although the judgment and sentence states
02 only that petitioner was convicted of "unlawful possession of methamphetamine" and does not
03 specifically reference subsection (d), (Dkt. #17 at L59), petitioner's Washington State Criminal
04 History Record, included in the administrative record, specifically states that petitioner was
05 convicted of "possession without a prescription" under RCW 69.50.401(d). (Dkt. # 17 at R32).
06 Accordingly, the BIA erred in finding that petitioner's "conviction is not for simple possession but
07 constitutes an aggravated felony as defined under section 101(a)(43)(B) of the Act, 8 U.S.C. §
08 1101(a)(43)(B)." (Dkt. #23, Ex. 1).

09       The Ninth Circuit Court of Appeals recently held that "a state drug offense is not an
10 aggravated felony for immigration purposes unless it is punishable as a felony under the . . . federal
11 drug laws . . . or is a crime involving a trafficking element." *Cazarez-Gutierrez*, 382 F.3d at 919;
12 *see also Ferreira v. Ashcroft*, 382 F.3d 1045, 1049 (9th Cir. 2004); *United States v. Ortiz-Lopez*,
13 385 F.3d 1202 (9th Cir. 2004). In *Cazarez-Gutierrez*, the court concluded that an alien's
14 conviction in Arizona for possession of methamphetamine, a felony under state law, is not an
15 aggravated felony because it is punishable as a misdemeanor under federal law. *Id.* at 905.
16 Similarly, in this matter, petitioner was convicted for possession of methamphetamine in violation
17 of RCW 69.50.401(d). Inasmuch as petitioner's conviction for possession of methamphetamine
18 is punishable only as a misdemeanor under federal laws and does not contain a trafficking element,
19 the Court finds that petitioner's conviction does not constitute an aggravated felony for
20 immigration purposes pursuant to *Cazarez-Gutierrez*. Petitioner remains subject to removal as
21 an alien convicted of a controlled substance violation, INA § 237(a)(2)(B)(i), but the applicability
22 of this ground of removability does not bar her from applying for cancellation of removal. INA
23 § 240A(a).

24 **CONCLUSION**

25     Based on the above analysis, the Court should GRANT petitioner's Petition for Writ of
26 Habeas Corpus (Dkt. #1) and DENY respondents' motion to dismiss (Dkt. #16). The decision

REPORT AND RECOMMENDATION
PAGE -7

of the BIA should be vacated and remanded with instructions to consider on the merits petitioner's application for cancellation of removal.

      A proposed order accompanies this Report and Recommendation.

      DATED this  23rd  day of February, 2005.

                               s/ Mary Alice Theiler
                               United States Magistrate Judge